# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Upper Moreland Township,　　　　　　:
　　　　　　　　Appellant　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　: No. 144 C.D. 2016
　　　　　　　　　　　　　　　　　: ARGUED: October 19, 2016
7 Eleven, Inc.　　　　　　　　　:


BEFORE:　　HONORABLE MARY HANNAH LEAVITT, President Judge
　　　　　　HONORABLE RENÉE COHN JUBELIRER, Judge
　　　　　　HONORABLE P. KEVIN BROBSON, Judge
　　　　　　HONORABLE ANNE E. COVEY, Judge
　　　　　　HONORABLE MICHAEL H. WOJCIK, Judge
　　　　　　HONORABLE JULIA K. HEARTHWAY, Judge
　　　　　　HONORABLE JOSEPH M. COSGROVE, Judge


OPINION BY JUDGE HEARTHWAY　　　FILED: April 13, 2017


Upper Moreland Township (Township) appeals the decision of the Court of Common Pleas of Montgomery County invalidating the Township's tax assessment of 7-Eleven, Inc. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

The trial court made the following findings of fact. 7-Eleven is a Texas corporation with a registered business address in Dallas. 7-Eleven owns and operates convenience stores throughout the United States. Some 7-Eleven stores are "corporate stores," which are owned and operated by 7-Eleven directly. Other 7-Eleven stores are "franchise stores," which are licensed to franchisees and operated according to the terms of a franchise agreement. Pursuant to the terms of the franchise agreement, franchise stores pay to 7-Eleven a fee known as the "7-

Eleven Charge," in exchange for various services provided to franchise stores by 7-Eleven.

From 2003 to 2011, the years relevant to this appeal, 7-Eleven maintained a regional office for its Northeast Division in the Township. The Northeast Division included 7-Eleven stores in Pennsylvania and New England. Also within the Township was one corporate store and one franchise store. During those years, 7-Eleven filed business privilege tax (BPT) returns with the Township; these returns reported receipts generated by sales at the corporate store within the Township, but did not include the 7-Eleven Charges collected by 7-Eleven from franchise stores in the Northeast Division.

Following an audit, the Township made an assessment of delinquent BPTs based on 7-Eleven's receipt of 7-Eleven Charges from stores in the Northeast Division. The Township's BPT is assessed at a rate of 3.5 mills on taxable gross receipts. Pursuant to regulation,[1] the Township calculates the gross receipts of businesses with multistate offices engaged in interstate commerce by combining (1) all receipts from within Pennsylvania; and (2) receipts from outside of Pennsylvania multiplied by an apportionment factor. The regulation defines the apportionment factor as the average of the following percentages:

---

[1] REGULATIONS UNDER ARTICLE 1, "Business Privilege Tax," OF CHAPTER 310 OF TITLE 2 OF THE UPPER MORELAND TOWNSHIP CODE PROVIDING FOR THE ALLOCATION OF GROSS RECEIPTS IN THE CASE OF BUSINESSES WITH MULTI-STATE OFFICES ENGAGED IN INTERSTATE COMMERCE (Regulations), at ¶ 2; *See* Reproduced Record, at 1308a.

(i)    Wages, salaries, commissions and other compensation in Township, as a percentage of total wages, salaries and other compensation.

(ii)   Receipts in Township as a percentage of total receipts.

(iii)  Value of the tangible personal and real property owned or leased as situated within the Township as a percentage of total tangible personal and real property owned or leased.

Regulations at ¶ 2. However, in this case, the parties agreed to use only factor (ii), receipts in Township as a percentage of total receipts, for determining the apportionment factor. The Township then calculated the apportionment factor by dividing the yearly 7-Eleven Charge gross receipts from within the Township by the yearly 7-Eleven Charge gross receipts of the Northeast Division. Applying the resulting apportionment factor to the 7-Eleven Charges from the Northeast Division, the Township assessed 7-Eleven for the years 2003 to 2011, as follows:

| | |
|---|---|
| Total Principal Tax | $726,461.69 |
| Total Tax Penalties | $ 80,185.77 |
| Total Tax Interest | <u>$917,466.65</u> |
| Total Assessment | $1,724,114.10 |

The principal tax due reflects the application to the Township's BPT (3.5 mills) to the sum of (1) 100% of the 7-Eleven Charges paid by franchise stores in Pennsylvania; and (2) the 7-Eleven Charges paid by franchise stores in other Northeast Division states after application of the apportionment factor.

7-Eleven appealed the assessment to the Township's Local Tax Review Board. After a hearing officer sustained the assessment on administrative

3

appeal, 7-Eleven appealed to the trial court.  Following a three-day bench trial, the trial court determined that the BPT imposed upon 7-Eleven was unconstitutional and invalidated the assessment.

The trial court's conclusion that the BPT assessment was unconstitutional was based on an application of *Complete Auto Transit, Inc. v. Brady,* 430 U.S. 274 (1977), which addresses local taxation of interstate commerce.  Under the standard enunciated in *Complete Auto*, a local tax on interstate commerce is constitutionally permissible if (1) the taxpayer has a substantial nexus with the taxing jurisdiction; (2) the tax does not discriminate against interstate commerce; (3) the tax is fairly apportioned; and (4) there is a reasonable relationship between the tax imposed upon the taxpayer and the services provided by the taxing jurisdiction. *Id.* at 279.  A tax assessment that does not satisfy each prong of the *Complete Auto* test is unconstitutional. *Id.*

The trial court found that the Township's assessment failed to satisfy the fair apportionment prong of the *Complete Auto* test.  Fair apportionment requires that a local tax on interstate commerce be both internally and externally consistent. *Goldberg v. Sweet,* 488 U.S. 252, 260-61 (1989).  To determine whether a tax is externally consistent, a court must apply a subjective inquiry of whether a local tax assessment seeks to tax "only that 'portion of the revenues from the interstate activity which reasonably reflects the instate component of the activity being taxed.'" *Philadelphia Eagles Football Club, Inc., v. City of Philadelphia*, 823 A.2d 108, 131 (Pa. 2003) (quoting *Goldberg,* 488 U.S. 252, 262).

The trial court found that the Township taxed 100% of the 7-Eleven Charges from franchise stores within Pennsylvania. However, the trial court also determined that the activity that generated these Pennsylvania 7-Eleven Charges resulted from economic activity from both inside and outside of the state. The trial court concluded that the Township's failure to fairly apportion the Pennsylvania 7-Eleven Charges rendered the Township's assessment externally inconsistent and in violation of the *Complete Auto* test.

The Township appealed to this Court. Our standard of review in a local tax appeal is limited to determining whether the trial court abused its discretion or committed an error of law, or whether its decision is supported by substantial evidence. *Westinghouse Electric Corporation v. Board of Property Assessment, Appeals and Review of Allegheny County,* 652 A.2d 1306, 1309 (Pa. 1995).

The Township argues that the trial court erred in finding that the Pennsylvania 7-Eleven Charges resulted from interstate activities that required apportionment. We disagree.

7-Eleven presented extensive evidence before the trial court of the various services that 7-Eleven provides to franchise stores in exchange for payment of the 7-Eleven Charge. For example, the 7-Eleven Marketing Department is situated entirely in Texas. (Reproduced Record (RR), at 0198a.) The Marketing Department manages the advertising for all 7-Eleven stores in the country. Every month, the Marketing Department develops point-of-sale signage that is distributed for use in stores nationwide. (RR at 0198a-99a.) Similarly, the 7-Eleven Information Systems Department is located in Texas. (RR at 0286a) A 7-Eleven

5

employee in Massachusetts was responsible for providing information technology support to all of the stores in the Northeast Division, including Pennsylvania stores. (RR at 0227a-28a.) The evidence presented by 7-Eleven showed that many services provided by 7-Eleven to Pennsylvania franchise stores are produced by activity from beyond Pennsylvania.

Through the testimony of Northeast Division Vice President Robert Cozens,[2] 7-Eleven presented substantial evidence to support the trial court's finding that the 7-Eleven Charges collected from Pennsylvania franchise stores were the product of interstate commerce.

The Township also argues that the trial court erred in finding that the Pennsylvania 7-Eleven Charges were subject to fair apportionment analysis because those receipts reflected both interstate and intrastate activities. The Township argues that 7-Eleven had the burden of proving what portion of the Pennsylvania 7-Eleven Charges resulted from interstate commerce. The trial court rejected this argument, noting that the very purpose of apportionment is to rationally distinguish between interstate and intrastate receipts.

---

[2] The Township also complains that the trial court erred by admitting a 7-Eleven organizational chart into evidence because the chart was not identified in discovery or produced until after a pre-trial conference. The trial court admitted the chart to aid in the understanding of Mr. Cozen's testimony regarding 7-Eleven's operations. "The admission or exclusion of evidence is within the sound discretion of the trial court[.]" *Lehigh–Northampton Airport Authority v. Fuller,* 862 A.2d 159, 168 (Pa. Cmwlth. 2004) (citations omitted). Where Mr. Cozen was subject to cross-examination about the chart by the Township, we discern no prejudice to the Township resulting from admission of the chart and no abuse of discretion by the trial court.

In a constitutional challenge to the external consistency of local tax on interstate commerce, the taxpayer bears the burden of showing by clear and cogent evidence that the income attributed to a local taxing municipality is (1) disproportionate to the business transacted by the taxpayer in that municipality; (2) has resulted in a grossly distorted assessment on the taxpayer; or (3) is inherently arbitrary or produced an unreasonable result. *Philadelphia Eagles,* 823 A.2d at 132. The constitutional challenge does not require a taxpayer to prove what portion of receipts is derived from interstate verses intrastate commerce.

In this case, the trial court heard substantial evidence from which to conclude that the Township's assessment was disproportionate because it failed to fairly apportion the Pennsylvania 7-Eleven Charges when those charges reflected both intrastate and interstate activities. If it was even possible for 7-Eleven to accurately segregate the intrastate activity from that interstate activity underlying the Pennsylvania 7-Eleven Charges, it was unnecessary. Fair apportionment is the mechanism that performs the segregation function. *See Moorman Manufacturing Company v. Blair,* 437 U.S. 267 (1978). Thus, the Township's argument that 7-Eleven was required to prove that a specific amount of the Pennsylvania 7-Eleven Charges resulted from interstate commerce is without merit.

The Township's argument that 7-Eleven failed to segregate intrastate from interstate receipts ignores the fact that 7-Eleven proved that all 7-Eleven Charges are the product of interstate commerce. The taxation of those receipts must therefore be apportioned to reflect the location of the various interstate activities that generated the receipts. *Northwood Construction Company v. Township of Upper Moreland,* 856 A.2d 789, 804 (Pa. 2004). A local taxing authority is entitled to tax its fair share of receipts from interstate commerce.

7

*Philadelphia Eagles*, 823 A.2d at 134. Apportionment ensures that local taxing entities tax only the portion of interstate commerce that reasonably reflects the local component of the economic activity being taxed. *Goldberg,* 488 U.S. at 262.

For the reasons set forth above, we affirm the trial court's ruling that the Township's assessment violated the Commerce Clause. However, we find that the trial court erred after reaching that conclusion in invalidating the assessment. 7-Eleven acknowledges that the trial court had the discretion to remand the matter for a constitutional recalculation of the assessment. (7-Eleven Brief, at 18, n. 8.) The record is clear in this case that the Township may constitutionally tax the 7-Eleven Charges from the Northeast Division, including the Pennsylvania 7-Eleven Charges, provided the taxed receipts are validly apportioned. It is also clear that 7-Eleven has not paid those taxes. Under these circumstances, it was an abuse of discretion for the trial court to invalidate the assessment outright instead of remanding the matter for recalculation. Thus, in the interest of fairness to other taxpayers in the Township, we find it appropriate for this matter to be remanded for a recalculation of the tax due from 7-Eleven to the Township consistent with this opinion.

_____
JULIA K. HEARTHWAY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Upper Moreland Township,     :
           Appellant     :
                       :
        v.             :  No. 144 C.D. 2016
                       :
7 Eleven, Inc.           :

## O R D E R

AND NOW, this 13th day of April, 2017, the order of the Montgomery County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
JULIA K. HEARTHWAY, Judge